IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STANKO MIRKOVICH

    Plaintiff

v.

CARNIVAL CORPORATION

_____/

## PETITION TO CONFIRM ARBITRAL AWARD

The Plaintiff, STANKO MIRKOVICH, by and through its undersigned counsel, hereby moves to confirm the arbitral award and respectfully requests the Court enter an Order recognizing the Parties' arbitral award and enforcing it, and in support thereof states:

1. This is an action to confirm and enforce the arbitral award dated September 16, 2021 in the National Arbitration Mediation (NAM) matter entitled *Mirkovich v. Carnival* Corporation, case number 218.745.

2. At all times material hereto, Plaintiff STANKO MIRKOVICH ("Mr. Mirkovich" or Plaintiff), was a citizen of Macedonia and was employed as a seaman, working for the Defendant CARNIVAL CORPORATION ("Carnival") on the cruise ship vessel *Carnival Horizon* that it owned, operated and controlled.

3. At all times material hereto, Defendant Carnival was a foreign registered corporation that engaged in extensive business activities in Miami-Dade County, Florida where it maintained its worldwide corporate headquarters, its base of operations and its principle place of business.

4. At all times material hereto, Mr. Mirkovich worked as a seaman for Carnival on its ships pursuant to a Seafarer's Agreement dated January 13, 2018 that contained an arbitration provision.

5. The arbitration provision provided that any and all disputes "shall be resolved by final and binding arbitration" administered by the National Arbitration and Mediation (NAM). See paragraph 9 of the Seafarer Employment Agreement. (Exhibit "1")

6. On or about February, 2018, Mr. Mirkovich suffered serious personal injuries due to the fault of Carnival while he was employed as a seaman and working aboard its cruise ship.

7. Mr. Mirkovich commended arbitration through NAM for his dispute against Carnival for his personal injuries.

8. On September 16, 2021, the NAM Arbitrator Fabian Penvern issued a Final Arbitration Award in favor of Mr. Mirkovich in the amount of $315,660.71. See Final Arbitration Award provide by the arbitrator to the Parties. (Exhibit "2")

9. On October 28, 2021, Carnival advised in writing that it refuses to pay the Final Arbitration Award.

10. The United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention")[1] and the emphatic federal policies endorsing the Convention require recognition of the Parties' arbitral award.

11. As an international treaty duly ratified by the United States, the Convention "is the supreme law of the land, *U.S. Const. art. VI, cl.2*, and controls any case in any American

---

[1] 21 U.S.T. 2517 (1958). The United States acceded to the Convention in 1970.

court falling within its sphere of application." *Coutinho Caro & Co. USA, Inc. v. Marcus Trading, Inc.*, 2000 U.S. Dist. LEXIS 8498, *10 (D. Conn. 2000)

12. Each Contracting State shall recognize arbitral awards as binding and enforce them. *Fotochrome, Inc. v. Copal Company, Ltd.*, 517 F.2d 512, 518 (2d Cir. 1975). Foreign arbitral awards are vulnerable to attack only on the grounds expressed in the articles of the Convention, particularly Article V. Id. Article V states that an arbitral award may be refused if the recognition and enforcement of the arbitral award would be contrary to the public policy of the country where recognition and enforcement is sought. 21 U.S.T. 2517, Art. V(2)(b).

13. "Absent extraordinary circumstances, a confirming court is not to reconsider the arbitrator's findings." *Europcar Italia v. Maiellano Tours,* 156 F.3d 310, 315 (2d Cir.1998). A mistake in fact or law is insufficient to refuse confirmation of an arbitral award. *Id.* at 316.

14. The Final Arbitration Award in this case does not meet any of the grounds to refuse enforcement.

15. Although the 'essential purpose' of the Convention relates to the recognition and enforcement of foreign arbitral awards, the underlying intent, as a whole, is clearly the autonomy of international arbitration. *Gulf Petro Trading Co., Inc. v. Nigerian Nat'l Petroleum Corp.*, 512 F.3d 742, 746 (5th Cir. 2008). The Convention seeks to unify - not to divide and complicate – the standards by which arbitral awards are enforced in signatory countries. *Phoenix Aktiengesellschaft v. Ecoplas, Inc.*, 391 F.3d 433, 435 (2d Cir. 2004).

WHEREFORE, the Plaintiff STANKO MIRKOVICH, respectfully requests this Court enter an Order confirming and enforcing the Arbitral Award.

Dated:  October 29, 2021

                                         Respectfully Submitted,

                                         By:   */s/ Carol L. Finklehoffe*
                                               CAROL L. FINKLEHOFFE
                                               Florida Bar No.: 15903
                                             cfinklehoffe@lipcon.com
                                             JASON R. MARGULIES
                                             Fla. Bar. No. 57916
                                             Email: jmargulies@lipcon.com
                                             MICHAEL A. WINKLEMAN
                                             Fla. Bar No. 36719
                                             Email: mwinkleman@lipcon.com
                                             LIPCON, MARGULIES
                                             & WINKLEMAN, P.A.
                                             One Biscayne Tower, Suite 1776
                                             2 S. Biscayne Boulevard
                                             Miami, Florida 33131
                                             Phone: (305) 373-3016
                                             Fax: (305) 373-6204
                                             *Counsel for Plaintiff*