IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-23813-RNS

STANKO MIRKOVICH,
    Plaintiff,

v.

CARNIVAL CORPORATION,
    Defendant.
_____/

### REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PETITION TO CONFIRM ARBITRAL AWARD AND MOTION FOR STAY PENDING RESOLUTION OF PARTIAL RECONSIDERATON TO THE TRIBUNAL

The Plaintiff, STANKO MIRKOVICH, by and through its undersigned counsel, hereby files his Reply to Defendant's Response to Plaintiff's Petition to Confirm Arbitral Award and Motion for Stay Pending Resolution of Partial Reconsideration to the Tribunal and states:

    a. **Defendant's Untimely Response Should be Stricken and Not Considered**

The Defendant's Response in opposition to the Plaintiff's Petition is **untimely** and should be stricken and/or rejected. On November 1, 2021, this Court entered an Order stating that Plaintiff must serve the Defendant on or before November 29, 2021 and that Defendant was required to file a response within 21 days of being served. [D.E. 4]. Plaintiff perfected service on November 10, 2021. See Exhibit 1 Return of Service. Plaintiff also then wrote to Defendant providing it with a courtesy copy of this Court's Order and alerting Defendant to the December 1, 2021, deadline to file its Response. See Exhibit 2.

Without seeking leave of Court or requesting an extension, or even discussing with undersigned counsel for plaintiff, Defendant filed its Response on December 9, 2021, **eight (8) days after the deadline** set by this Court. Defendant's response is untimely and Defendant set forth no reason, nor good cause for the delay. This Court need look no further in granting the Plaintiff's Petition and confirming the Arbitral Award, than Defendant's failure to timely respond.

b. **Defendant Fails to Assert Any Valid Grounds as to Why Plaintiff's Petition Should not Immediately be Granted or Justification for Entry of a Stay**

Defendant argues that it is only disputing a portion[1] of the damages award by the Tribunal because it believes the Arbitrator misapplied Panamanian law in the aspect of damages, an issue which Defendant "<u>intends</u> to brief" to the Tribunal. [D.E. 5, ¶9]  Remarkably, it has been 3 months since the Arbitration Award was entered and yet Carnival has filed ***<u>nothing</u>*** in the arbitration.  This begs the question:  How long does Carnival think it has to file this brief?  This case involves a destitute seafarer who is desperate for money and who is living off charity.  Yet Carnival has brazenly taken the position that it can ignore the arbitration award and file a motion for reconsideration whenever it wants.  This Honorable Court must stop this unfair and unfounded misconduct by Carnival.

    **(i)**     **Any Attempt to Challenge the Arbitration Award to the Tribunal is Untimely**

The applicable National Arbitration and Mediation's Comprehensive Dispute Resolution Rules and Procedures as Adapted for Seafarer/Crew-Member Employment Arbitrations ("NAM Rules") provide very limited circumstances for when an Arbitration Award can be challenged and that **such a challenge must be brought within fifteen (15) days of the arbitral award**.

> RULE NO. 33: CORRECTION OF THE AWARD
>
> Within **<u>fifteen (15) days</u>** after the receipt of the Award, a party, with written notice to the other party(ies), may request the Arbitrator(s) to correct the Award regarding **<u>any clerical, typographical or mathematical error in the computation of the Award</u>**. The Arbitrator(s) may make such corrections on their own initiative within thirty (30) days after rendering the Award. Such correction shall form part of the Award and shall be in writing. (emphasis added)

---

[1] Defendant is only contesting approximately $85,000 of the $315,660.71 award.  Despite repeated requests Defendant refuses to pay the uncontested portion to Plaintiff, a destitute seaman who is in desperate need of the funds.

As such, Defendant was required to bring any challenges to the Arbitration Award on or before October 1, 2021.   To date, 3 months have elapsed <u>and the Defendant still has not filed any brief or motion with the Tribunal</u>.  **Any attempt to do so now would be untimely**.

### (ii)     Misapplication of Foreign Law is not a Valid Ground to Challenge the Arbitration Award

The law is clear that "absent extraordinary circumstances, a confirming court is not to reconsider the arbitrator's findings." *Europcar Italia v. Maiellano Tours,* 156 F.3d 310, 315 (2d Cir.1998); *National Wrecking Co. v. International Broth. Of Teamsters, Local 731*, 990 F.2d 957 (7th Cir. 1993)(Judicial review of arbitration awards is narrow because arbitration is intended to be the final resolution of disputes. Arbitrators do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party.)

A court will not set aside an arbitrator's award for factual or legal errors, as long as the award contains the honest decision of the arbitrator after a full and fair hearing of the parties.  *Ethyl Corp. v. United Steelworkers of America,* 768 F.2d 180, 183 (7th Cir.1985), *cert. denied,* 475 U.S. 1010, 106 S.Ct. 1184, 89 L.Ed.2d 300 (1986);  *Europcar Italia*, 156 F.3d at 316 (a mistake in fact or law is insufficient to refuse confirmation of an arbitral award); *178 Lowell Street Operating Company, LLC v. 1199 EUI United Healthcare Workers East*, 2008 WL 11511510 *4 (D. Mass Sept. 30, 2008);(a mistake in fact or law is insufficient to refuse confirmation of an arbitral award).

At the Final Hearing Plaintiff presented evidence as to the application of Panamanian through its expert Francisco Carreira-Pitti.[2]   <u>Defendant elected not to present any expert evidence</u>

---

[2] Mr. Pitti is a Panamanian attorney practicing law since 1976 and is the founder and managing partner of Carreira Pitti P.C.  Mr. Pitti is adjunct law professor at the Catholic University of Panama and Maritime University of Panama at the Doctorate and Master's level.  He is a member of the Titular Member for the Republic of Panama for the Committee Maritime International and a member of the Maritime Law Association of Panama.   He also admitted to practice law in Michigan and has been admitted to the Supreme Court of the United States.

<u>as to the application of Panama law.</u>  Defendant cannot now claim misapplication of Panamanian law when it presented no expert evidence to dispute the application of the as set forth by Plaintiff's expert.  *Europcar Italia*, 156 F.3d at 316 (an issue not raised before the arbitrator is waived and cannot be relitigated at an enforcement proceeding);  *Royal Alliance Associates, Inc., v. Piniewski*, 2016 WL 11581005 *5 (M.D. Fla.  Sept. 29, 2016);  *National Wrecking Co.,* 990 F.2d at 960.

    c.  **There are No Grounds for A Motion to Stay**

Defendant Carnival also seeks a stay of this Honorable Court's ruling pending resolution on a "to be filed" Motion for partial reconsideration.

    Carnival puts forth no argument as to why a stay should be granted.

    Carnival failed to conduct at any 7.1 conference on this point.

    Carnival's "to be filed" Motion is untimely per the applicable rules.

    Plaintiff adamantly opposes any stay or any further delay of the full and final payment of the Arbitration Award.

## <u>Conclusion</u>

In sum, there are no valid grounds for this Honorable Court to do anything other than confirm the arbitration award and order that payment of the award is to be made within 10 days of the date of the order.

**WHEREFORE**, STANKO MIRKOVICH, respectfully requests this Court enter an Order denying Defendant's Motion to Stay and confirming and enforcing the Arbitral Award, with instructions that payment of the award is to be made in full within 10 days of the date of the order, and any other relief this Honorable Court deems necessary and proper including attorney's fees and post-award interest.

Respectfully Submitted,

By: */s/ Carol L. Finklehoffe*
CAROL L. FINKLEHOFFE
Florida Bar No.: 15903
cfinklehoffe@lipcon.com
JASON R. MARGULIES
Fla. Bar. No. 57916
Email: jmargulies@lipcon.com
MICHAEL A. WINKLEMAN
Fla. Bar No. 36719
Email: mwinkleman@lipcon.com
LIPCON, MARGULIES
& WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Phone: (305) 373-3016
Fax: (305) 373-6204
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 10, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

BY: */s/ **Carol L. Finklehoffe***
Carol L. Finklehoffe, Esquire

## SERVICE LIST
### *Mirkovich v. Carnival* CASE NO. 21-CV-23813-RNS

MICHAEL A. WINKLEMAN
Florida Bar No. 36719
mwinkleman@lipcon.com
CAROL L. FINKLEHOFFE
Florida Bar No. 15903
cfinklehoffe@lipcon.com
Lipcon, Margulies & Winkleman, PA
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, FL 33131
Phone: 305-373-3016
Fax: 305-373-6204
***Attorneys for Plaintiff***

SCOTT P. MEBANE
Florida Bar No. 273030
smebane@maselaw.com
sbrownstein@maselaw.com
MASE MEBANE SEITZ, P.A.
2601 S. Bayshore Drive, Suite 800
Miami, Florida 33133
Phone: (305) 377-3770
Fax: (305) 377-0080
***Attorneys for Defendant***