United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Stanko Mirkovich, Plaintiff, <br><br> v. <br><br> Carnival Corporation, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 21-23813-Civ-Scola <br> ) <br> ) |

## Order Confirming Arbitration Award

Plaintiff Stanko Mirkovich seeks to confirm a September 16, 2021, arbitration award, issued by an arbitrator in Nice, France, against Defendant Carnival Corporation. (Pl.'s Pet., ECF No. 1.) Carnival, in response, says it doesn't dispute the entirety of the award, but believes the arbitral tribunal erred with respect to some, unspecified portion of the award. (Def.'s Resp. ¶ 9, ECF No. 5, 1.) Mirkovich has replied, arguing Carnival's response should be struck or, if it is not, its substance is, in any event, lacking. (Pl.'s Reply, ECF No. 6.) After review, the Court readily agrees with Mirkovich and **grants** the petition, thus **confirming the arbitration award**.

According to the petition, Mirkovich, a seaman, suffered serious injuries while working aboard one of Carnival's cruise ships. (Pl.'s Pet. ¶¶ 4, 6.) As required by an arbitration provision within the parties' January 2018 "Seafarer Agreement," Mirkovich commenced arbitration through National Arbitration and Mediation ("NAM") to recover for his injuries. (*Id.* ¶¶ 4, 7.) On September 16, 2021, the arbitrator, located in France, issued a final award to Mirkovich for $315,660.71. (*Id.* ¶ 8.) Carnival, however, has refused to pay. (*Id.* ¶ 9; Def.'s Resp. at 1–2; Pl.'s Rely at 2 n. 1.) Consequently, Mirkovich initiated this action.

Carnival acknowledges it must pay at least part of the award although it doesn't specify how much. (Def.'s Resp. ¶ 9.) With respect to the portion of the award Carnival apparently quibbles with, Carnival says the arbitrator "misapplied the law." (*Id.*) Carnival provides no hints as to how it believes the arbitrator misapplied the law. It does say, however, that it has "alerted the Tribunal of its dispute" and "intends to brief the Tribunal on the misapplication of law." (*Id.*) As Carnival sees it, if the tribunal "elects to reconsider," it will reduce the award. (*Id.*) And, once the award is reduced, as Carnival predicts it will be, Carnival says it "intends to pay the award." (*Id.*) Carnival's presentation falls far wide of the mark.

As an initial matter, the Court's scheduling order (ECF No. 4) required Carnival to respond to Mirkovich's petition within twenty-one days of being served. Mirkovich perfected service on Carnival on November 10, 2021. (Pl.'s

Reply, Ex. 1, Ret. of Serv., ECF No. 6-1.) Thereafter, Mirkovich's counsel even emailed Carnival's counsel, on November 17, 2021, a courtesy copy of the Court's scheduling order, reminding counsel that their response was due by December 1. (Pl.'s Reply, Ex. 2, Email, ECF No. 6-2.) Notwithstanding all these prompts, Carnival nevertheless filed its response over a week beyond the deadline to do so. Remarkably, not only did Carnival fail to present good cause, it failed to even mention the delay, never mind affirmatively seek leave to file its response out-of-time. In short, without any explanation, Carnival utterly disregarded the Court's order. For this reason alone, the Court finds Carnival has waived any opposition it might have to Mirkovich's petition to confirm his award.

       Additionally, even if the Court were to consider Carnival's response brief, Carnival's position is thoroughly unavailing. First, NAM's own dispute resolution rules, the applicability of which Carnival does not contest, require any challenge to an award to be brought with fifteen days of the award. The award here was issued on September 16, 2021. (Pl.'s Pet. ¶ 8.) Any challenge, therefore, was required to be presented to the tribunal by October 1. (Pl.'s Reply at 3.) As late as December 9, however, when Carnival filed its response brief, Carnival acknowledged not having even briefed its objections to the tribunal. (Def.'s Resp. at 2.) Accordingly, any attempt by Carnival to have the arbitrator reconsider the award would, at this point, be untimely.

       Secondly, Carnival's complaint about the arbitrator's having "misapplied the law" is not a basis upon which an arbitration award can be set aside. The law is unambiguous that "[a]bsent extraordinary circumstances, a confirming court is not to reconsider the arbitrator's findings." *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998); *see also Nat'l Wrecking Co. v. Int'l Broth. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993) ("Judicial review of arbitration awards is narrow because arbitration is intended to be the final resolution of disputes."). To be clear, a "district court's review of a foreign arbitration award is quite circumscribed" and "there is a general pro-enforcement bias manifested in the [United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards]." *Four Seasons Hotels & Resorts B.V. v. Consorcio Barr, S.A.*, 613 F. Supp. 2d 1362, 1366, 1367 (S.D. Fla. 2009) (Moore, J.) (cleaned up). Ultimately, "[o]btaining vacatur of an arbitration award . . . is a high hurdle because it is not enough to show that the arbitrators committed an error—or even a serious error." *S. Mills, Inc. v. Nunes*, 586 F. App'x 702, 704 (11th Cir. 2014) (cleaned up). It is really "only when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Id.* (cleaned up).

Tellingly, Carnival doesn't even bother to explain the nature of the purportedly misapplied law. And so, even if a misapplication of the law was a valid objection, Carnival's failure to present any actual argument dooms its efforts. In sum, Carnival wholly fails to establish that the award in this case meets any ground upon which this Court could refuse enforcement.

Finally, as an afterthought, Carnival, within its two-page response brief, seeks a stay of these proceedings pending the resolution of its inchoate request that the arbitrator reconsider some undefined portion of its award based on some indeterminate misapplication of law. This request fails for any number of substantive and procedural reasons, including Carnival's failure to present any authority or argument supporting such a stay as well as its failure to confer with Mirkovich, as required by the Local Rules, prior to seeking the relief requested.

Accordingly, the Court **grants** Mirkovich's petition (**ECF No. 1**), thus **confirming the arbitration award**. After conferring with Carnival, Mirkovich is ordered to submit a jointly proposed final judgment by both (1) filing a notice on the docket as well as (2) submitting the proposed judgment in Word.doc format to scola@flsd.uscourts.gov.

The Clerk is directed to administratively **close** this case and any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida on February 18, 2022.

Robert N. Scola, Jr.
United States District Judge